NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 25 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMMAR YOSSEF HACHICHO, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 18-71724 Agency No. A097-607-794 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 6, 2020
Pasadena, California

Before: GOULD and CHRISTEN, Circuit Judges, and STEIN,[**] District Judge.

Ammar Hachicho, a native and citizen of Syria, petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his applications for relief from removal by the immigration judge (IJ). We deny in part and grant in part the petition for review and remand for further

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, sitting by designation.

proceedings.

**1.** The BIA did not err in concluding that section 245(d) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1255(d), bars Hachicho from adjusting his status through his current marriage to a U.S. citizen. We review this legal determination de novo. *See Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018).

Section 245(d) provides that "the Attorney General may not adjust . . . the status of a nonimmigrant alien described in section 1101(a)(15)(K) of this title except to that of an alien lawfully admitted to the United States on a conditional basis under section 1186a of this title as a result of the marriage of the nonimmigrant." 8 U.S.C. § 1255(d); *see also id.* § 1186a(a)(1), (c). Section 245(d) also provides that "[t]he Attorney General may not adjust . . . the status of an alien lawfully admitted to the United States for permanent residence on a conditional basis under section 1186a of this title." *Id.* § 1255(d). In other words, under section 245(d), a K-1 visa holder may not adjust her status to anything but conditional permanent resident (CPR) status, and a CPR, in turn, may not obtain any further adjustments of status. *See id.*

Here, Hachicho was first admitted to the United States as "a nonimmigrant alien described in section 1101(a)(15)(K)"—that is, a K-1 visa holder. *Id.* Hachicho's later adjustment to CPR status did not render section 245(d)

2

inapplicable, because even if that adjustment constituted a new admission, he would then be "an alien lawfully admitted to the United States for permanent residence on a conditional basis." *Id.* Thus, the BIA did not err in concluding that section 245(d) continues to bar Hachicho's adjustment.

2.      The BIA did not abuse its discretion in determining that Hachicho's California assault conviction constituted a "particularly serious crime" under the INA. In reviewing this determination, we consider only "whether 'the agency relied on the appropriate factors and proper evidence to reach [its] conclusion.'" *Flores-Vega v. Barr*, 932 F.3d 878, 884 (9th Cir. 2019) (alteration in original) (quoting *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015)). "[A] crime is particularly serious if the nature of the conviction, the underlying facts and circumstances and the sentence imposed justify the presumption that the convicted immigrant is a danger to the community." *Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011) (en banc); *see also Matter of Frentescu*, 18 I. & N. Dec. 244, 247 (B.I.A. 1982). "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez*, 886 F.3d at 1293.

Here, the IJ recognized that, despite Hachicho's relatively "lighter sentence," the nature of his crime—"clearly a violent offense"—suggested that "this particular conviction could qualify as being a particularly serious crime." The IJ also noted that "what exactly happened in this case"—that Hachicho's victim

3

"was his mother-in-law, and before the attack occurred she was asleep"; that "[s]he was also 60 or 61-years-old"; and that he "punched [her] multiple times in the face and dragged her around"—established that "the offense in question [was] truly shocking." In affirming the IJ's decision, the BIA agreed with all of this reasoning. Thus, the agency provided a reasoned explanation for its decision and so did not abuse its discretion. *See Delgado*, 648 F.3d at 1107.

**3.** The BIA erred in affirming the IJ's denial of Hachicho's application for deferral of removal under the Convention Against Torture (CAT).

To qualify for deferral of removal under CAT, a noncitizen must establish that she "is more likely than not to be tortured." 8 C.F.R. § 1208.17. "The regulations implementing CAT explicitly require the IJ to consider 'all evidence relevant to the possibility of future torture.'" *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 n.6 (9th Cir. 2010) (quoting 8 C.F.R. § 1208.16(c)(3)). "[W]here there is any indication that the BIA did not consider all of the evidence before it, a catchall phrase does not suffice, and the decision cannot stand. Such indications include misstating the record and failing to mention highly probative or potentially dispositive evidence." *Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011)

Here, both the BIA and the IJ failed to consider the totality of the evidence presented. The IJ appeared to apply a nexus requirement to Hachicho's CAT claim, noting that "it [was] not likely that [Hachicho] would be tortured in Syria by

4

government forces *because he is Christian*" (emphasis added). "[T]o be eligible for relief under the Convention," however, "a petitioner need not show that he or she would be tortured 'on account of' a protected ground." *Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir. 2001). In affirming the IJ, the BIA erroneously asserted that it was Hachicho himself who limited the basis of potential torture to his Christianity. Not so. Although the brunt of Hachicho's evidence addressed the potential for torture based on his Christian religion, "CAT claims must be considered in terms of the aggregate risk of torture from *all* sources, and not as separate, divisible CAT claims." *Quijada-Aguilar v. Lynch*, 799 F.3d 1303, 1308 (9th Cir. 2015) (emphasis added). A petitioner's focus on one possible ground for potential torture "should not be construed as a waiver of any reliance" on another basis. *Id.* Hachicho's evidence included extensive documentation of indiscriminate violence faced by all Syrians, not just Christians. In a similar vein, on appeal to the BIA, Hachicho submitted new evidence reflecting the Department of Homeland Security's decision to extend temporary protected status for Syrian nationals because of the "ongoing civil war marked by brutal violence against civilians, egregious human rights violations and abuses, and a humanitarian disaster on a devastating scale across the country." In short, Hachicho's evidence was not, as the BIA concluded, limited to potential torture based on Christianity.

The BIA also misstated the record by asserting that Hachicho argued before

5

the IJ only that "*ISIS and rebel groups* . . . were specifically targeting Christians" (emphasis added). To the contrary, Hachicho's attorney presented evidence to the IJ that the Assad government had committed human rights abuses against Christians, arguing that "[t]his [was] not an ISIS problem in Syria" and that "[t]he problems that Christians have in Syria go to Assad." To establish eligibility for CAT relief, Hachicho need only establish that, "taking into account *all* possible sources of torture, he is more likely than not to be tortured." *Cole*, 659 F.3d at 775 (emphasis added). The BIA thus erred in limiting the potential perpetrators of torture to "ISIS and rebel groups."

Because the BIA failed to consider all relevant evidence of torture, we grant Hachicho's petition on his claim for deferral under CAT and remand to the agency for further consideration of that claim.

**DENIED in part, GRANTED in part, and REMANDED.**